UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 19-54-HRW-CJS

DOMINIQUE RASHAN DUDLEY                           PLAINTIFF

v.                    **MEMORANDUM ORDER**

JAMES GREEN, *et al.*                                            DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on pending motions. Specifically, *pro se* Plaintiff Dominique Rashan Dudley has filed two "Motion[s] for Default Judgment" (R. 35; R. 44), "Motion for Depositions Hearing" (R. 45), two "Motion[s] for Subpoena of Documents and Video Footage" (R. 34; R. 47), and "Motion for Subpoena of Witnesses" (R. 52). Defendant Jeffrey Smith has filed a "Motion for Extension of Time to File Dispositive Motion" (R. 36), "Motion for Summary Judgment" (R. 39), and "Moti[o]n for Enlargement of Time to Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment" (R. 41). And most recently, the parties have filed cross Motions for Summary Judgment (R. 53; R. 55).

I.     **BACKGROUND**

In June 2019, Dudley filed this civil rights action under 42 U.S.C. § 1983, generally alleging the excessive use of force by various prison officials at Eastern Kentucky Correctional Complex, in violation of the Eighth Amendment to the United States Constitution. (R. 1, Page ID 4). After conducting a preliminary review of the Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, the presiding District Judge dismissed all claims and defendants except for "Dudley's excessive force claim against Defendant Sergeant Jeffery Smith." (R. 9, Page ID 89-90). In May

2020, Defendant Smith answered the Complaint. (R. 21). In June 2020, this Court entered a Scheduling Order, establishing deadlines for the completion of discovery (November 3, 2020) and the filing of dispositive motions (December 3, 2020). (R. 24). Thereafter, Plaintiff Dudley and Defendant Smith filed the motions currently pending before the Court in this Order.

## II.   DISCUSSION

### A.   Dudley's Motions

#### 1.   Dudley's Motions for Default Judgment

Dudley has filed two substantively similar Motions for Default Judgment.[1] (R. 35; R. 44). And these Motions for Default Judgment are not only similar to each other, they also parallel Dudley's initial Motion for Default Judgment (R. 30), which this Court denied (R. 32). Like his prior Motion for Default Judgment (*see* R. 30, Page ID 245) his two pending Motions for Default Judgment (*see* R. 35, Page ID 283; R. 44, Page ID 370) generally argue that Defendant Smith has given false and misleading answers to his discovery responses.

As the Court noted in its prior Order denying Dudley's initial Motion for Default Judgement, "[w]hile Dudley may believe that Defendant Smith has given conflicting or untruthful discovery responses, such, even if true, does not support a default judgment." (R. 32, Page ID 258). Instead, to obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55 based on the other party's failure "to plead or otherwise defend." Dudley has not sought nor obtained an entry of default and thus cannot obtain default judgment. *Heard v. Caruso*, 351 F. App'x 1, 16 (6th Cir. 2009) ("Because Heard did not first seek entry of a default from the clerk of the court, it was procedurally improper for Heard to move for entry of a

---

[1] Although one of Dudley's Motions for Default Judgment was docketed by the Clerk as a Motion for Summary Judgment, it was labeled "Motion for Default Judgment" by Dudley. (R. 44). Accordingly, the Clerk will be directed to amend the docket to label the filing as a Motion for Default Judgment.

2

default judgment."). Moreover, Dudley cannot even pursue a Clerk's entry of default because Defendant Smith has defended Dudley's Complaint by filing his Answer. (R. 21). *See Hughes v. United States*, No. 1:12-CR-4-CLC-CHS-1, 2017 WL 3688144, at *1 (E.D. Tenn. Aug. 25, 2017) (determining that default judgment was improperly sought where Government responded in opposition to collateral relief sought under 28 U.S.C. § 2255). Accordingly, these Motions (R. 35; R. 44) will be denied.

## 2. Dudley's Motion for Depositions Hearing

Dudley's Motion for Depositions Hearing, which requests a hearing to ask Defendant Smith questions based on his answers to interrogatories, suffers the same fate as his Motions for Default Judgment. (R. 45). Once more, the Court has already addressed a substantively similar filing, noting that there is no such thing as a "depositions hearing." (R. 26; *see* R. 32). As before, to the extent that Dudley's reference to Federal Rules of Civil Procedure 27 through 31 indicates a desire to depose someone, Dudley has again failed to formulate any request that the Court can rule on. For example, the Court does not know if Dudley was seeking leave to conduct an oral deposition as provided for under Rule 30 or if he is stating his intent to conduct depositions by written questions under Rule 31. Accordingly, the Motion fails as undeveloped. *See* Fed. R. Civ. P. 7(b)(1)(B)-(C) (noting that a motion must "state with particularity the grounds for seeking the order" and must "state the relief sought"). Moreover, even if Dudley had sufficiently articulated a request, for example, to orally depose Defendant Smith, his Motion would still fail because it was filed in February 2021, approximately three months past the November 3, 2020 deadline for completing discovery. *See Disney v. State Farm Fire & Cas. Co.*, No. 02-2210 BV, 2004 WL 1091135, at *1 (W.D. Tenn. Feb. 26, 2004) (denying as untimely motion to compel discovery that was filed after the discovery deadline); *Botwright v. U.S. Postal Serv.*, No. 08-12998, 2010 WL

1881447, at *1 (E.D. Mich. May 11, 2010) (noting that *pro se* plaintiff was "not excuse[d] . . . from her duty to follow basic procedural requirements, such as complying with deadlines").

### 3.     Dudley's Motions for Subpoena of Documents and Video Footage

Next, the Court considers Dudley's two substantively similar Motions for Subpoena of Documents and Video Footage." (R. 34; R. 47).  As the latter Motion (R. 47) was filed in February 2021, approximately three months past the November 3, 2020 deadline for completing discovery, it will be denied as untimely.  *Wagle v. Michigan Dep't of Corr.*, No. 10-CV-10506, 2012 WL 4795638, at *2 (E.D. Mich. Oct. 9, 2012) ("The Court will not issue a subpoena, particularly after the close of discovery. . . .").  The initial Motion (R. 34) was signed by Dudley on October 28, 2020 and received and filed by the Clerk on November 2, 2020.  Although the Motion was received and filed one day before the discovery deadline, it is also untimely.  The Court's Scheduling Order in this case set a November 3, 2020 deadline to "**complete** all discovery" (R. 24, Page ID 220 (emphasis added)), and Plaintiff was aware of this (*see, e.g.,* R. 37-1, Page ID 294; R. 57, Page ID 631 (documents filed by Dudley expressly referencing the deadline for completion of discovery).[2] Even if the Court had considered Dudley's Motion on an expedited basis and granted his request for a subpoena *duces tecum* to be issued to the Kentucky Department of Corrections, compliance with the subpoena would not have been **completed** by the November 3 discovery deadline.  A

---

[2] Dudley takes issue with the fact that he was recently provided documents by Defendant and defense counsel, which documents and information he had previously sought from Defendant by way of written discovery requests. (*See* R. 57, Page ID 631-32).  Dudley notes that Defendant's earlier responses to those written discovery requests indicated Defendant individually did not have possession nor care, custody, and control over the documents sought by Dudley.  Dudley poses that this was untruthful because he has now been provided with this information.  However, the record reflects that defense counsel reached out to and obtained information from the Kentucky Department of Corrections. (*See* R. 55-1, Page ID 593-94).  That Smith, by and through his counsel, obtained and voluntarily provided this additional information to Dudley does not negate Defendant Smith's prior representation that individually he has no possession, custody, or control over these documents.

subpoena must allow the person or entity to which it is directed "a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i); *see Fox v. Traverse City Area Pub. Sch. Bd. of Educ.*, No. 1:07-CV-956, 2009 WL 724001, at *1 (W.D. Mich. Mar. 10, 2009) (citing sources indicating that *at least* 10 days' notice is customary (but more time might be required depending on the circumstances) and that 29 days is generally a reasonable time to comply with a subpoena).

    **4.**    **Dudley's Motion for Subpoena of Witnesses**

On May 3, 2021 Dudley filed a "Motion for Subpoena of Witnesses." (R. 52). He lists therein several persons that he believes have relevant knowledge about the circumstances of his case and asks that the Court "issue an order to compel these witness[es] to appear in federal [court] if this federal proceeding goes to trial." (*Id.,* Page ID 443). This motion request by Dudley will be denied. Procedurally, it is not necessary or appropriate for trial subpoenas to be issued at this time for witnesses. After later discussed in this Order, any further proceedings in this case, including setting the case for trial, will be taken upon by the Court, if need be, once the Court has addressed the parties' recent summary judgment motion filings.

    **B.**    **Defendant Smith's Motions**

Defendant Smith's "Motion for Extension of Time to File Dispositive Motion" (R. 36), "Motion for Summary Judgment" (R. 39), and "Moti[o]n for Enlargement of Time to Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment" (R. 41) have all been impacted by intervening circumstances. Notably, each of these motions is related to Smith's Motion for Summary Judgment filed in December 2020 (R. 39), which Smith now seeks to withdraw.[3]

---

[3] Smith's "Motion for Extension of Time to File Dispositive Motion" (R. 36) seeks to extend the December 3, 2020 deadline to file his Motion for Summary Judgment, Smith filed his "Motion for Summary Judgment" (R. 39) on December 23, 2020, and thereafter filed his Moti[o]n for Enlargement of Time to

Specifically, in Defendant Smith's "Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment," he "provides notice of his withdrawal of his previously filed Motion for Summary Judgment," stating that certain prison records have been destroyed that he was going to offer as evidentiary support for his argument in the Motion for Summary Judgment that Dudley had failed to exhaust his administrative remedies. (R. 48). Because "[a] request for a court order must be made by motion," the Court construes the notice of withdrawal in Defendant Smith's "Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment" (R. 48) as Defendant Smith's Motion to Withdraw Motion for Summary Judgment. Because Dudley has expressed no objection to Defendant Smith withdrawing his Motion for Summary Judgment (nor is there any reason to think he would object), and because the Court concludes that the Motion to Withdraw is well taken, the construed Motion to Withdraw will be granted. Consequently, Smith's "Motion for Extension of Time to File Dispositive Motion" (R. 36), "Motion for Summary Judgment" (R. 39), and "Moti[o]n for Enlargement of Time to Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment" (R. 41) will be denied as moot.

C. **Cross Motions for Summary Judgment**

Most recently, the parties have filed Motions for Summary Judgment. Defendant Smith filed his Motion on May 13, 2021 (R. 53), and Plaintiff Dudley filed his Response on June 4, 2021 (R. 57). Plaintiff Dudley filed his Motion on May 14, 2021 (R. 55), and on June 21, 2021 Defendant Smith filed his combined Response to Dudley's Motion and Reply in support of his own Motion (R. 61).

Dudley takes issue with the timing of Defendant's Motion for Summary Judgment filing, arguing it should be denied because it was filed beyond the deadline for filing dispositive motions.

---

Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment" (R. 41), seeking an extension of the 14-day period (*see* LR. 7.1(c)) to file a reply in support of the Motion for Summary Judgment.

Yet, Dudley has himself filed his own Motion for Summary Judgment at virtually the same time Defendant filed his Motion and so Dudley has also filed beyond the deadline. Neither side has moved for an extension of the dispositive motion deadline; however, because each side has recently filed a dispositive motion and had an opportunity to respond to the other's dispositive motion, the parties' late filing of their Motions for Summary Judgment will be permitted by the Court. Now that those Motions have been briefed, and in accordance with the presiding District Judge's referral of this matter to the undersigned for pretrial oversight and including preparation of proposed findings of fact and recommendations on any dispositive motions, the parties' cross Motions for Summary Judgment (R. 53; R. 55) will be taken under submission for consideration and filing of a report and recommendation.

**III. CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

1) The Clerk is directed to revise the docket entry from "Motion for Summary Judgment" (R. 44) to "Motion for Default Judgment."

2) Dudley's "Motion[s] for Default Judgment" (R. 35; R. 44) are hereby **denied** as procedurally improper.

3) Dudley's "Motion for Depositions Hearing" (R. 45) is hereby **denied.**

4) Dudley's "Motion[s] for Subpoena of Documents and Video Footage" (R. 34; R. 47) are hereby **denied.**

5) Dudley's "Motion for Subpoena of Witnesses" (R. 52) is hereby **denied.**

6) Defendant Smith's "Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment" (R. 48) is hereby **construed** as Defendant Smith's Motion to Withdraw Motion for Summary Judgment, and, as so construed, is hereby **granted.**

7) Defendant Smith's "Motion for Summary Judgment" (R. 39) is hereby **denied as withdrawn.**

8) Defendant Smith's "Motion for Extension of Time to File Dispositive Motion" (R. 36), and "Moti[o]n for Enlargement of Time to Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment" (R. 41) are hereby **denied as moot.**

9) Defendant's Motion for Summary Judgment (R. 53) and Plaintiff's Motion for Summary Judgment (R. 55) are hereby **taken under submission** for consideration by the undersigned and issuance of a report and recommendation.

Signed this 30th day of September, 2021.

Signed By:
**Candace J. Smith**
United States Magistrate Judge

J:\DATA\Orders\civil ashland\2019\19-54-HRW order on pendg motions.docx